**JUDGE DANIELS**



Gregory G. Barnett (GGB-3751)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys For Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MUND & FESTER GMBH & CO.KG a/s/o PACIFIC
TRELLIS FRUIT
and
B.C. TREE FRUITS LTD.

      Plaintiffs,

    - against -

M/V EW SNOWDON (formerly M/V WHITE SUN), her
engines, boilers, tackle, furniture, apparel, etc., *in rem*;
EAST WIND HELLAS, S.A., EAST WIND GROUP,
EW SNOWDON, LLC, OSTERREICHISCHER LLOYD
SHIP MANAGEMENT LTD., and WHITE SUN
SHIPPING COMPANY LTD., *in personam*.

      Defendants.
------------------------------------------------------------X

2008 Civ. 3349

**VERIFIED COMPLAINT**



Plaintiffs, MUND & FESTER GMBH & CO.KG a/s/o PACIFIC TRELLIS FRUIT and B.C. TREE FRUITS LTD. (hereinafter "Plaintiffs"), by and through their attorneys, Casey & Barnett, as and for their Verified Complaint against defendants, M/V EW SNOWDON (formerly M/V WHITE SUN), her engines, boilers, tackle, furniture, apparel, etc., *in rem*; EAST WIND HELLAS, S.A., EAST WIND GROUP, EW SNOWDON, LLC, OSTERREICHISCHER LLOYD SHIP MANAGEMENT LTD., and WHITE SUN SHIPPING COMPANY LTD. *in personam* alleges upon information and belief as follows:

## PARTIES

1. At all material times, Mund & Fester GMBH & CO.KG (hereinafter "M&F") was and is a foreign corporation with an office and place of business located at Trostbrucke 4 20457 Hamburg, Germany and is the subrogated underwriter of perishable fresh pears owned by Pacific Trellis Fruits, Ltd., who was the consignee of said consignment of pears, as more fully described below.

2. At all material times, Pacific Trellis Fruits, Ltd. (hereinafter "Pacific Fruit") was and is corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 1500 W. Manning Avenue, Reedley, California 93654 and was the owner of a consignment of pears aboard the M/V EW SNOWDON (formerly M/V WHITE SUN), as more fully described below.

3. At all material times, B.C. Tree Fruit Ltd. (hereinafter "B.C. Fruit") was and is foreign corporation with an office and place of business located at 225 Ontario Food Terminal, 165 The Queensway – Toronto, Ontario, Canada and was the owner of a consignment of pears aboard the M/V EW SNOWDON (formerly M/V WHITE SUN), as more fully described below.

4. At all material times, EAST WIND HELLAS, S.A., (hereinafter "EWH") was and is a foreign corporation with an office and place of business located at 6 Skouze Street 185 36 PIRAEUS, Greece and owns, operates, manages and/or charters ships, including the M/V EW SNOWDON (formerly M/V WHITE SUN) (hereinafter "vessel"), that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V EW SNOWDON (formerly M/V WHITE SUN), and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

5. At all material times, East Wind Group (hereinafter "East Wind") was and is a foreign corporation with an office and place of business located at 444 Madison Avenue, Suite 200 New York, New York 10022 and owns, operates, manages and/or charters ships, including the M/V EW SNOWDON (formerly M/V WHITE SUN), that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V EW SNOWDON (formerly M/V WHITE SUN), and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

6. At all material times, EW SNOWDON, LLC (hereinafter "EWSD") was and is a foreign corporation with an office and place of business located in Liberia and owns, operates, manages and/or charters ships, including the M/V EW SNOWDON (formerly M/V WHITE SUN), that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V EW SNOWDON (formerly M/V WHITE SUN), and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

7. At all material times, Osterreichischer Lloyd Ship Management Ltd. (hereinafter "OLSM") was and is a foreign corporation with an office and place of business located at 10th Floor, West Block, Nicolaou Pendadromos Center, Thessalonikis Street, Limassol 3314, Cyprus and owns, operates, manages and/or charters ships, including the M/V EW SNOWDON (formerly M/V WHITE SUN), that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V EW SNOWDON (formerly M/V WHITE SUN), and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

8. At all material times, White Sun Shipping Company Ltd. was and is a foreign corporation with an office and place of business located in Limassol, Cyprus and owns, operates, manages and/or charters ships, including the M/V EW SNOWDON (formerly M/V WHITE SUN), that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V EW SNOWDON (formerly M/V WHITE SUN), and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

9. At all material times, the M/V EW SNOWDON (formerly M/V WHITE SUN) was and is a refrigerated cargo vessel built in 1984, that is flagged in Liberia with call sign A8MY3, and engaged in the common carriage of merchandise by water for hire between various foreign and domestic ports, which is now, or will be during the pendency of this action, within the jurisdiction of this Honorable Court.

## JURISDICTION

10. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States.

## COUNT I
## MUND & FESTER GMBH & CO.KG v. DEFENDANTS

11. On or about January 28, 2007, a consignment consisting of 2,560 boxes of fresh pears, owned by and/or consigned to Pacific Fruit, then being in good order and condition, was delivered to the *in personam* defendants and the M/V EW SNOWDON (formerly M/V WHITE SUN), at the port of San Antonio Este, Argentina, for carriage aboard the vessel, to Gloucester, New Jersey, all in consideration of an agreed freight and in accordance with the terms of one or more bills of lading, including bill of lading number AMAWS0207015, which were then and

there signed by the duly authorized agent, representative and/or employee of the *in personam* defendants and the vessel.

12. On or about February 19, 2007, the consignment of pears was discharged at Gloucester, New Jersey and found not to be in the same good order and condition as when delivered to the vessel, but had sustained damages during transit.

13. Upon inspection, it was determined that during the voyage the pears were contaminated and damaged due to exposure to petroleum while in stowage within the cargo holds of the vessel.

14. As a result of the damages sustained to the shipment during transit, Pacific Fruit sustained a loss in the amount of $41,678.60.

15. The damage to the cargo was not the result of any act or omission of the plaintiffs but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendants, their employees, contractors, agents and servants.

16. At all times relevant hereto, a contract of insurance for property damage was in effect between Pacific Fruit and M&F, which provided coverage for, among other things, loss or damage to the subject consignment.

17. Pursuant to the aforementioned contract of insurance between Pacific Fruit and M&F, monies have been and will be expended on behalf of Pacific Fruit, in the amount of $41,678.60 to the detriment of M&F due to the damages sustained during transit.

18. As M&F has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, M&F has an equitable right of subrogation and is

subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of against the defendants.

19.   M&F brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and M&F is entitled to maintain this action.

20.   M&F and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contract.

21.   By reason of the foregoing, M&F has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $41,678.60.

22.   M&F has a maritime lien against the M/V EW SNOWDON (formerly M/V WHITE SUN) for the damages referred to herein and will enforce that lien in these proceedings.

23.   All and singular the matters alleged herein are true and correct. M&F reserves the right to amend and supplement this complaint, as further facts become available.

### COUNT II
### BC FRUIT v. DEFENDANTS

24.   On or about January 28, 2007, a consignment consisting of 3,776 boxes of fresh pears, owned by and/or consigned to B.C. Fruit, then being in good order and condition, was delivered to the *in personam* defendants and the M/V EW SNOWDON (formerly M/V WHITE SUN), at the port of San Antonio Este, Argentina, for carriage aboard the vessel, to Gloucester, New Jersey, all in consideration of an agreed freight and in accordance with the terms of one or more bills of lading, including bill of lading number AMAWS0207014, which were then and there signed by the duly authorized agent, representative and/or employee of the *in personam* defendants and the vessel.

25. On or about February 19, 2007, the consignment of pears was discharged at Philadelphia, Pennsylvania and found not to be in the same good order and condition as when delivered to the vessel, but had sustained damages during transit.

26. Upon inspection, it was determined that during the voyage the pears were contaminated and damaged due to exposure to petroleum while in stowage within the cargo holds of the vessel.

27. As a result of the damages sustained to the shipment during transit, B.C. Fruit sustained a loss in the amount of $100,000.00.

28. The damage to the cargo was not the result of any act or omission of the plaintiffs but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendants, their employees, contractors, agents and servants.

29. B.C. Fruit brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and B.C. Fruit is entitled to maintain this action.

30. B.C. Fruit and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contract.

31. By reason of the foregoing, B.C. Fruit has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $100,000.00.

32. B.C. Fruit has a maritime lien against the M/V EW SNOWDON (formerly M/V WHITE SUN) for the damages referred to herein and will enforce that lien in these proceedings.

33. All and singular the matters alleged herein are true and correct. B.C. Fruit reserves the right to amend and supplement this complaint, as further facts become available.

**WHEREFORE**, M&F and B.C. Fruit pray:

1. In rem service of process be issued against the M/V EW SNOWDON (formerly M/V WHITE SUN), her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

2. If the in personam defendants cannot be found within this District, then all their property within this District be attached in the amount of $141,678.60 with interest thereon and costs, the sums sued for in this Complaint;

3. The M/V EW SNOWDON (formerly M/V WHITE SUN), her engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiff;

4. The Court order, adjudge and decree that defendants EAST WIND HELLAS, S.A., EAST WIND GROUP, EW SNOWDON, LLC, OSTERREICHISCHER LLOYD SHIP MANAGEMENT LTD., and WHITE SUN SHIPPING COMPANY LTD., *in personam* and the M/V EW SNOWDON (formerly M/V WHITE SUN) *in rem* be found joint and severally liable and pay to plaintiffs the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

    5.    That this Court grant to plaintiffs such other and further relief as may be just and proper.

Dated: New York, New York
       April 4, 2008
       228-31
       260-56

                CASEY & BARNETT, LLC
                Attorneys for Plaintiffs

By: _____
       Gregory G. Barnett (GGB-3751)
       317 Madison Avenue, 21st Floor
       New York, New York 10017
       (212) 286-0225

## ATTORNEY'S VERIFICATION

State of New York )
                 )  ss:
County of New York )

1. My name is Gregory G. Barnett.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Casey & Barnett, LLC, as attorneys for the Plaintiffs.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiffs is that the Plaintiffs are business organizations with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made and the documents, and information, received from the Plaintiffs and agents and/or representatives of the Plaintiffs.

Dated: New York, New York
       April 4, 2008
       228-31
       260-56

                                              Gregory G. Barnett